UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| MANUEL W. HOLLEMAN | NO.: 3:11-cr-00141-BAJ-RLB |

### RULING AND ORDER

Before the Court is Petitioner's *pro se* motion—styled **MOTION FOR APPROPRIATE RELIEF (Doc. 20)**—seeking an order stating that his various "state and federal sentences" for manufacture and distribution of methamphetamine and related offenses must "run concurrent and coterminous," (Doc. 25 at p. 1; *see also* Doc. 20 at ¶¶ 1–15). Petitioner makes his request "pursuant to 28 U.S.C. § 2255." (Doc. 20 at ¶ 2). For reasons explained below, Petitioner's request will be DENIED.

### I. BACKGROUND

On October 26, 2011, a federal grand jury returned a five-count indictment against Petitioner, charging him with various offenses related to manufacture and distribution of methamphetamine, and unlawful possession of firearms. (Doc. 1). Thereafter, on December 19, 2011, Petitioner pleaded guilty in this Court to each count of the indictment. (Doc. 13). Specifically, Petitioner pleaded guilty to: (1) possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count I); manufacturing methamphetamine, in violation of 21 U.S.C.

§ 841(a)(1) (Count II); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count III); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 924(g)(1) (Count IV); and possession of an unregistered sawed-off shotgun, in violation of 26 U.S.C. § 5861(d) (Count V). (*See* Doc. 1; Doc. 13). Later, on April 10, 2012, this Court sentenced Petitioner to "a total term of 138 months" imprisonment, consisting of concurrent terms of 78 months imprisonment on Counts I, II, IV, and V, and a consecutive term of 60 months imprisonment on Count III. (Doc. 17 at p. 3). This Court's final judgment order further stated that Petitioner's "[s]entence shall run consecutive to any prior sentence imposed in the 23rd Judicial District Court, for the Parish of Ascension, State of Louisiana, Docket No. 12822." (*Id.*). At the time Petitioner was sentenced in federal court, he was serving a three-year prison term "ordered by the state [of Louisiana] for [his] violation of state parole." (Doc. 20 at ¶ 4).

On May 7, 2012, nearly one month after this Court imposed judgment in Petitioner's federal case, Petitioner pleaded guilty in the 23rd Judicial District, Parish of Ascension, Louisiana to various state offenses which he claims involved offense conduct related to his federal offenses. (*See* Doc. 20 at ¶ 13). Specifically, Petitioner pleaded guilty to: (1) possession of a schedule II controlled dangerous substance, Docket No. 28175; (2) possession of a firearm by a convicted felon, Docket No. 28176; (3) operation of a clandestine lab for the unlawful manufacture of a controlled dangerous substance within 1000 feet of a school, Docket No. 28179; and

(4) illegal carrying of a weapon, also Docket No. 28179. (Doc. 20-1 at p. 9; *see also id.* at p. 11). After accepting Petitioner's guilty plea, the state court imposed sentences of ten years imprisonment for Petitioner's firearm and weapon offenses; and five years imprisonment for Petitioner's drug possession and operation of a clandestine lab offenses, "all sentences . . . to run concurrent with each other." (Doc. 20-1 at pp. 12–13; *see also* p. 15). The state court "further order[ed] that these [sentences] are to run concurrent and coterminous with any federal time that the defendant may be serving." (*Id.* at pp. 15–16).

After Petitioner's May 7 state court sentencing hearing, he "contacted the [Federal] Bureau of Prisons." (Doc. 20 at ¶ 8). Petitioner does not state his reason for contacting BOP, nor does he indicate the nature or scope of his inquiry. (*See id.*). Petitioner states, however, that following his "contact[]" with BOP, he "was informed by them that the state courts [sic] of a concurrent sentence did not bind the Bureau and that the sentences would in fact run consecutively." (*Id.*). Based on this correspondence, Petitioner now seeks an order from this Court "clarifying that his [state and federal sentences related to drug and weapons offenses] are to be run concurrently and coterminous." (*Id.* at p. 4; *see also* Doc. 25 at p. 2).

## II. DISCUSSION

Section 2255(a) provides a prisoner in custody with four grounds upon which relief may be granted: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without

3

jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Hill v. United States*, 368 U.S. 424, 426–27 (1962). Section 2255 is designed to remedy constitutional errors and other injuries that could not be brought on direct appeal and would result in injustice if left unaddressed. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

Petitioner invokes § 2255 as the basis for relief in his case. (Doc. 20 at ¶ 2). It is unclear from Petitioner's Motion, however, which of § 2255's grounds, if any, are applicable. Petitioner does not argue, nor has he provided any evidence that his federal sentence "was imposed in violation of the Constitution or laws of the United States," or "was in excess of the maximum authorized by law," or that "the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). Thus, to prevail in his § 2255 motion, Petitioner must show that his sentence "is otherwise subject to collateral attack." *Id.* This he cannot do.

Although not stated in so many words, Petitioner's concern seems to be that despite the state court's order that the sentences imposed at the May 7 sentencing hearing "run concurrent and coterminous with any federal time that the defendant may be serving," he will be required to serve his state sentences *consecutive* to his 138-month federal sentence. (*See* Doc. 20 at ¶¶ 6–14; Doc. 25 at p. 2). According to Petitioner, the basis for his concern is his correspondence with the Bureau of

Prisons, which left him with the understanding "that the sentences would in fact run consecutively." (Doc. 20 at ¶ 8). Invoking the Court's "mercy and[] compassion," (Doc. 25 at p. 2), Petitioner asks the Court to "consider his federal conviction as being 'relevant conduct' to his state conviction and issue [an] Order clarifying that these sentences are to be run concurrently and coterminous." (Doc. 20 at p. 4).

Simply put, whether Petitioner serves his state sentences consecutively or concurrently with his federal sentence is *not* a "constitutional error[] [or] other injur[y] that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed." *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). This is because "[j]udges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, *including* state proceedings." *Setser v. United States*, 132 S. Ct. 1463, 1468 (2012) (emphasis added). Accordingly, § 2255 does not authorize the relief that Petitioner seeks.

Of course, *pro se* litigants are entitled to liberal construction of their pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But even a liberal construction of Plaintiff's motion will not change the result here because there is no other vehicle for relief that Petitioner might properly have invoked. Construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254,

5

Petitioner's Motion fails because he has not "exhausted the remedies available in the courts of the State," or shown "there is an absence of available State corrective process" or that "circumstances exist that render such process ineffective to protect [his] rights." *See* 28 U.S.C. § 2254(b). Construed as a petition for writ of mandamus, Petitioner's Motion fails because he cannot demonstrate any of the required elements for issuance of the writ: specifically "(1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997). Finally, Petitioner's Motion misses the mark when treated as a motion for relief from a judgment under Federal Rule of Civil Procedure 60(b) because Petitioner has failed to "show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

In addition to there being no proper vehicle by which Petitioner may raise his claim, it also appears that Petitioner's claim is nonjusticiable because it is not ripe for adjudication. In other words, Petitioner's claim is *premature*. The Fifth Circuit has instructed that "[a] case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required." *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 545 (5th Cir. 2008) (quotation marks omitted). Further, "[a] court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." *Id.* (quotation marks omitted). Here, Petitioner states that he "is currently in state custody," presumably serving his 3-

6

year sentence for conviction on "Docket No. 12822." (Doc. 20 at ¶¶ 2, 4). As indicated in this Court's final judgment in Petitioner's federal case, Petitioner will *not begin* serving his federal sentence until *after* he has completed the "sentence imposed in . . . Docket No. 12822." (Doc. 17 at p. 3). Because this Court's judgment was clear that Petitioner's federal sentence "shall run consecutive to any *prior* sentence imposed in the 23rd Judicial District Court, for the Parish of Ascension, State of Louisiana," (*id.* (emphasis added)), and Petitioner was not sentenced for the state drug and weapons offenses outlined above until *after* his federal sentence was imposed, (*compare id.* at p. 1 (Petitioner's federal sentence imposed on April 10, 2012), *with* Doc. 20-1 at p. 8 (Petitioner's state sentences imposed on May 7, 2012)), the issue of whether the state court's order that his state sentences run concurrent with his federal sentence is followed does not arise until, at minimum, Petitioner *completes* his 3-year sentence on Docket No. 12822, and *begins* serving his federal sentence. Further, any issue regarding the state's failure to follow the state court's order that Petitioner's state sentences be served concurrently with his federal sentence is properly raised in the *state court*.

In sum, Petitioner has failed to show that he is entitled to the relief he seeks.

III. CONCLUSION

Accordingly, **IT IS ORDERED** that Petitioner's § 2255 **MOTION (Doc. 20)** is **DENIED**.

Baton Rouge, Louisiana, this 7th day of January, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**